UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NOBLE RICHARD MARTIN, ) | |
| ) | |
| Plaintiff, ) | Case No. 12-cv-9207 |
| v. ) | |
| ) | Judge John W. Darrah |
| CITY OF CHICAGO *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Noble Richard Martin, brought suit, *pro se*, in this Court against several individuals, alleging various claims stemming from his arrest and subsequent trial. Defendants filed Motions to Dismiss, but Plaintiff filed no response. For the reasons stated below, the Defendants' Motions to Dismiss are granted.

**BACKGROUND**

On February 26, 2014, Martin filed a Complaint, alleging various claims against the City of Chicago, several Chicago police officers, Cook County, Cook County Board President Toni Preckwinkle, Cook County State's Attorney Anita Alvarez, and several Cook County Assistant State's Attorneys. Martin's claims stem from his arrest and subsequent trial on various charges. (Am. Compl ¶¶ 21-54; Exh. B.)

As best as can be determined, Martin brings thirteen counts in his Complaint: Count I is a 42 U.S.C. § 1983 claim against the City of Chicago ("the City"), alleging various *de facto* policies, practices, and customs relating to police officers; Count II is a 42 U.S.C. § 1983 claim against Megan Leonard, Jason Torres, Jacqueline Kennedy, and J. Morado, alleging conspiracy

to commit false arrest and imprisonment in violation of the Fourth Amendment; Count III is a 42 U.S.C. § 1983 claim against Defendants Leonard, Torres, Kennedy, and Morado, alleging conspiracy to commit false arrest and imprisonment in violation of Due Process; Count IV is a 42 U.S.C. § 1985(2) claim against Defendants Leonard, Torres, Kennedy, and Morado, alleging conspiracy to obstruct justice; Count V is a *Brady* claim against Defendants Leonard, Torres, Kennedy, and Morado, alleging that Leonard and Torres intentionally withheld information from the State's Attorney's Office and lied on the stand; Count VI is an indemnification claim against the City for the actions of Defendants Torres, Leonard, and Morado; Count VII is a 42 U.S.C. § 1983 claim against the County of Cook ("the County"), alleging various *de facto* policies, practices, and customs relating to the Cook County State's Attorney's Office; Count VIII is a 42 U.S.C. § 1983 claim against Defendant Jane Zak, alleging that she tampered with a transcript; Count IX is a 42 U.S.C. § 1985(2) claim against Defendants Zak, Regina Mescall, William Hall, and Eric Saucedo, alleging that they conspired to deny Plaintiff a fair trial; Count X is an indemnification claim against the County for the actions of Defendants Mescall, Zak, Hall, and Saucedo; Count XI is an Illinois malicious prosecution claim against all Defendants except Kennedy; Count XII is a common-law claim of abuse of process against Defendant Torres; and Count XIII is a common-law claim of abuse of process against Defendant Kennedy.

On May 5, 2014, Plaintiff filed a motion to voluntarily dismiss Defendants Preckwinkle, Anita Alvarez, Hall, Saucedo, Giancola, and Morado. That motion was granted on May 8, 2014.

## LEGAL STANDARD

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A complaint must allege

2

enough facts to support a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Facial plausibility exists when the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). All well-pleaded allegations are presumed to be true, and all inferences are read in the light most favorable to the plaintiff. *Lavalais v. Village of Melrose Park,* 734 F.3d 629, 632 (7th Cir. 2013). This presumption is not extended to 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.' *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013) (quoting *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009)). The complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555). Courts liberally construe *pro se* complaints, and *pro se* pleadings are held to a less stringent standard than those of a represented party. *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

## ANALYSIS

When presented with a motion to dismiss, the non-moving party must provide some legal basis to support their claims. *See Stransky v. Cummins Engine Co, Inc.*, 51 F.3d 1329, 1335 (7th Cir. 1995) (citing *Teumer v. General Motors Corp.*, 34 F.3d 543, 545 (7th Cir. 1994)). A plaintiff may forfeit his or her right to continue litigating their claims by not responding to a motion to dismiss. *See Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1043 (7th Cir. 1999). It is not a judge's duty to do the plaintiff's research and attempt to discover arguments against the defendant's reasoning. *See Id.* at 1041.

*Defendant Jacqueline Kennedy*

Plaintiff brings six claims against Defendant Kennedy. Counts II, III, and V are 42 U.S.C. § 1983 and § 1985 claims. However, § 1983 claims require: (1) that the defendants were acting under the color of state law and (2) that their conduct deprived the plaintiffs of rights secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981) (overruled on other grounds). "State action is an essential jurisdictional predicate under § 1983, and lack thereof warrants dismissal of the claim." *Letisha A. by Murphy v. Morgan*, 855 F. Supp. 943, 947 (N.D. Ill. 1994). A private individual may be deemed a state actor: (1) if there is a sufficiently close nexus between the state and the challenged action that the action of the private individual may be considered as that of the state; (2) if the state has exercised coercive power or provided encouragement such that the acts of a private individual is state action; (3) if the private individual willfully participates in a conspiracy with the state or a state actor. *See Id.* at 948. Plaintiff has pled no facts to show that Kennedy was a state actor. Nor has he pled any facts showing that any of the exceptions exist. Counts II, III, and V are dismissed as to Kennedy.

Count IV alleges that Kennedy engaged in a conspiracy to interfere with federal litigation or obstruct state proceedings in violation of 42 § U.S.C. 1985(2). To establish a conspiracy under § 1985, "a plaintiff must show (1) an express or implied agreement among defendants to deprive plaintiff of his or her constitutional rights and (2) actual deprivations of those rights in the form of overt acts in furtherance of the agreement." *Scherer v. Balkema*, 840 F.2d 437, 442 (7th Cir. 1988). Plaintiff has failed to plead facts showing any express or implied agreement between Kennedy and any of the other Defendants to obstruct justice and thereby deny him of his constitutional rights. Count IV is dismissed as to Kennedy.

Count XI alleges an Illinois claim of malicious prosecution. To state a cause of action for malicious prosecution, the plaintiff must allege facts showing: "(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff." *Meerbrey v. Marshall Field & Co.*, 564 N.E.2d 1222, 1231 (Ill. 1990). Defendant Kennedy has no authority to initiate a prosecution, as discretion to bring charges lies with the State's Attorney. *See People ex rel. Carey v. Cousins*, 397 N.E.2d 809, 814 (Ill. 1979). And Plaintiff has failed to plead facts supporting an absence of probable cause or the presence of malice. Count XI is dismissed as to Kennedy.

Count XIII alleges an abuse of process. To state an Illinois claim for abuse of process, "the pleading must allege the existence of an ulterior purpose or motive and some act in the use of legal process not proper in the regular prosecution of the proceedings." *Reed v. Doctor's Associates, Inc.*, 824 N.E.2d 1198, 1206 (Ill App. Ct. 2005). Further, the mere institution of proceedings does not, by itself, constitute an abuse of process, even with a malicious intent or motive. *Id.* Again, Plaintiff has not pled any facts to support this claim but merely states legal conclusions. Count XIII is dismissed.

*Defendants Assistant State's Attorneys and Cook County*

Plaintiff brings three claims against Defendants Zak and Mescall and two claims against the County. Count VIII is a 42 U.S.C. § 1983 claim against Zak, alleging that she tampered with a transcript. Count IX is a 42 U.S.C. § 1985(2) claim against Defendants Zak and Mescall. Both of these claims are barred by the absolute immunity provided to all prosecutorial actions that are

5

"intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). This immunity is not just a defense to liability but immunity from suit. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Further, this immunity extends to Plaintiff's conspiracy allegations because they are related to activities intimately associated with the judicial phase of the criminal process. *Imbler*, 424 U.S. at 431. Counts VIII and IX are dismissed with prejudice.

Count XI alleges an Illinois claim of malicious prosecution. To state a cause of action for malicious prosecution, the plaintiff must allege facts showing: "(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff." *Meerbrey*, 564 N.E.2d at 1231. Plaintiff has failed to plead facts supporting an absence of probable cause or the presence of malice. Count XI is dismissed as to Defendants Zak, Mescall, and the County.

Count VII is a *Monell* claim against the County, alleging various *de facto* policies, practices, and customs relating to the Cook County State's Attorney's Office. Similarly, Count X is an indemnity claim against the County for the acts of the Assistant State's Attorneys. "A county is liable for depriving an individual's constitutional rights only if the deprivation was the result of the county's official policy, custom, or practice." *Wilson v. Giesen*, 956 F.2d 738, 744 (7th Cir. 1992) (citing *Monell v. Department of Social Services*, 436 U.S. 658 (1978)). In Illinois, State's Attorneys and Assistant State's Attorneys are State employees, not County employees. *See McGrath v. Gillis*, 44 F.3d 567, 571 (7th Cir. 1995). As such, the County has no prosecutorial policy and cannot have caused any of plaintiff's alleged injuries. *See Jones v. City*

6

*of Chicago*, 639 F. Supp. 146, 154 (N.D. Ill. 1986). Nor does the County have any vicarious liability based on the conduct of the State's Attorney's Office under Illinois law. *See Biggerstaff v. Moran*, 671 N.E.2d 781, 784 (Ill. App. Ct. 1996). Counts VII and X are dismissed with prejudice.

*Defendants City of Chicago and Officers Torres and Leonard*

Plaintiff brings six claims against Defendants Torres and Leonard and two claims against the City.

Count II is a 42 U.S.C. § 1983 claim, alleging a conspiracy to falsely arrest and imprison Plaintiff in violation of the Fourth Amendment. Count III is a 42 U.S.C. § 1983 claim, alleging a conspiracy to falsely arrest and imprison Plaintiff in violation of Due Process. A bare allegation of a conspiracy does not survive a motion to dismiss. *See Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009). Count IV alleges that Torres and Leonard engaged in a conspiracy to interfere with federal litigation or obstruct state proceedings in violation of 42 § U.S.C. 1985(2). To establish a conspiracy under § 1985, "a plaintiff must show (1) an express or implied agreement among defendants to deprive plaintiff of his or her constitutional rights and (2) actual deprivations of those rights in the form of overt acts in furtherance of the agreement." *Scherer*, 840 F.2d at 442. Plaintiff has failed to plead facts showing any express or implied agreement between any of the Defendants. Counts II, III, and IV are dismissed as to Defendants Torres and Leonard.

Count V is a *Brady* claim, alleging that the officers withheld information from the State's Attorney's Office. To assert a *Brady* claim, Plaintiff must allege that: "(1) the prosecution suppressed evidence; (2) the evidence was favorable to the accused; and (3) the evidence was

7

material, that is, there was a reasonable probability that prejudice ensued." *Alexander v. McKinney*, 692 F.3d 553, 556 (7th Cir. 2012). However, the criminal charges against Plaintiff were dismissed and the Seventh Circuit has questioned whether an acquitted defendant can show prejudice to support a *Brady* violation. *See Id.* Even so, Plaintiff has not alleged that he was prejudiced by Defendants. Further, Plaintiff specifically mentioned the supposedly concealed evidence during his pre-trial motion to suppress. (Ex. E, p. 38-39). Count V is dismissed with prejudice.

Count XI alleges an Illinois claim of malicious prosecution. To state a cause of action for malicious prosecution, Plaintiff must allege facts showing: "(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff." *Meerbrey*, 564 N.E.2d at 1231. Plaintiff has failed to plead facts supporting an absence of probable cause or the presence of malice. Count XI is dismissed as to Defendants Torres, Leonard, and the City.

Count XII alleges an abuse of process against Torres. In order to state an Illinois claim for abuse of process, "the pleading must allege the existence of an ulterior purpose or motive and some act in the use of legal process not proper in the regular prosecution of the proceedings." *Reed v. Doctor's Associates, Inc.*, 824 N.E.2d 1198, 1206 (Ill App. Ct. 2005). Further, the mere institution of proceedings does not, by itself, constitute an abuse of process, even with a malicious intent or motive. *Id.* Again, Plaintiff has not pled any facts to support this claim but merely states legal conclusions. Count XII is dismissed.

Count I is a *Monell* claim, alleging that the City has various *de facto* policies resulting in the deprivation of various constitutional rights. "While a municipality is not vicariously liable under § 1983 for the acts of its employees, a constitutional deprivation may be attributable to a municipality 'when execution of a government's policy or custom . . . inflicts the injury.'" *Montano v. City of Chicago*, 535 F.3d 558, 570 (7th Cir.2008) (citing *Monell*, 436 U.S. at 694 (1978); and *Schlessinger v. Salimes*, 100 F.3d 519, 522 (7th Cir.1996)). "A local government unit's unconstitutional policy or custom can be shown by: (1) an express policy causing the loss when enforced; (2) a widespread practice constituting a 'custom or usage' causing the loss; or (3) a person with final policymaking authority causing the loss." *Walker v. Sheahan*, 526 F.3d 973, 977 (7th Cir.2008). In order to state a claim, Plaintiff must go beyond a "formulaic recitation of the cause of action" and "give enough detail about the subject-matter of the case to present a story that holds together." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). Plaintiff has not pled sufficient facts to allow a reasonable inference that the City established a policy or practice that inflicted injury on Plaintiff. Count I is dismissed.

Count VI is an indemnity claim against the City for the acts of the Defendants Leonard and Torres. As Plaintiff has not successfully pled any claims against Leonard and Torres, the indemnity claim against the City must fail as well. Count VI is dismissed.

*Miscellaneous*

To the extent that other claims have been pled, those claims are dismissed as they cannot be understood from the Complaint which must provide Defendants "with 'fair notice' of the claim and its basis." *Tamayo*, 526 F.3d at 1081 (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555).

**CONCLUSION**

Defendants' Motions to Dismiss are granted. Defendant Kennedy's Motion to Dismiss Counts II, III, IV, V, VI, XI, and XIII is granted without prejudice. Defendants Cook County and Assistant State's Attorneys Zak and Mescall's motion to dismiss Count XI is granted without prejudice, and their Motion to Dismiss Counts VII, VIII, IX, and X is granted with prejudice. Defendants City of Chicago and Officers Torres and Leonard's Motion to Dismiss Counts I, II, III, IV, VI, XI, and XII is granted without prejudice, and their Motion to Dismiss Count V is granted with prejudice.

Plaintiff may file an amended complaint as to Counts I, II, III, IV, V, VI, XI, XII, and XIII consistent with the requirements of Rule 11 of the Federal Rules of Civil Procedure within thirty days of the entry of this order.

Date:     September 30, 2014             _____
                                         JOHN W. DARRAH
                                         United States District Court Judge