UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NOBLE RICHARD MARTIN, | ) |
| Plaintiff, | ) Case No. 12-cv-9207 |
| v. | ) |
| | ) Judge John W. Darrah |
| CITY OF CHICAGO *et al.*, | ) |
| Defendants. | ) |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Noble Richard Martin, brought suit, *pro se*, in this Court against several individuals, alleging various claims stemming from his arrest and subsequent trial. Defendants filed Motions to Dismiss, and Plaintiff filed no responses. Plaintiff's First Amended Complaint was dismissed on September 30, 2014.[1] Plaintiff then filed an Application to Proceed *In Forma Pauperis* and a Motion for Appointment of Counsel, which were granted on December 2, 2014. Plaintiff, now through his attorney, filed a Third Amended Complaint ("TAC"). Defendants have filed Motions to Dismiss [90, 91, 92] Plaintiff's Third Amended Complaint.

## BACKGROUND

Martin is a resident of Illinois. (TAC ¶ 2.) Defendants Officer Jason Torres and Officer Megan Leonard were police officers with the City of Chicago Police Department. (*Id.* ¶ 3.) Defendant City of Chicago is a municipal corporation and the employer and principal of

---

[1] Several of Plaintiff's claims were dismissed with prejudice. However, many of those claims are re-alleged in his Third Amended Complaint. A dismissal with prejudice "bar[s], by operation of the doctrine of *res judicata*, the relitigation of the suit on the merits." *T.W. by Enk v. Brophy*, 124 F.3d 893, 897 (7th Cir. 1997); *see also* Black's Law Dictionary 10th ed. (defining "dismissal with prejudice" as "[a] dismissal . . . barring the plaintiff from prosecuting any later law suit on the same claim").

Defendants Torres and Leonard. (*Id.* ¶ 4.)[2] Defendant Assistant State's Attorney Jane Zak was an Assistant State's Attorney for the County of Cook. (*Id.* ¶ 5.) Defendant County of Cook is alleged to be the employer and principal of Defendant Zak. (*Id.* ¶ 6.) Defendant Jacqueline Kennedy is Plaintiff's ex-wife and was residing with Plaintiff at the time of the incident. (*Id.* ¶ 7.)

On November 22, 2010, Defendants Torres and Leonard arrived at 8100 S. Hermitage, Chicago, Illinois, to respond to an alleged domestic battery. (*Id.* ¶ 8.) Plaintiff and Jacqueline Kennedy were present when the officers arrived. (*Id.* ¶ 9.) She handed a gun to the officers and told them that her daughter found the weapon in a dresser drawer. (*Id.* ¶ 11.) Plaintiff did not own or possess the gun that was given to the officers. (*Id.* ¶ 12.) Defendant Officers arrested Plaintiff. (*Id.* ¶ 13.) Plaintiff alleges that the officers did not have probable cause to believe that any criminal activity had taken place and asserts that he had not broken any laws. (*Id.* ¶¶ 13, 14.)

Plaintiff was charged with domestic battery, felony possession of a weapon, and being an armed habitual criminal. (*Id.* ¶ 15.) The domestic battery charge was dismissed, and Plaintiff was found not guilty of felony possession of a weapon. (*Id.* ¶ 16.)

## LEGAL STANDARD

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A complaint must allege enough facts to support a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550

---

[2] Defendants Torres, Leonard, and City of Chicago will be collectively referred to as the "City Defendants."

U.S. 544, 547 (2007). Facial plausibility exists when the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). All well-pleaded allegations are presumed to be true, and all inferences are read in the light most favorable to the plaintiff. *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). This presumption is not extended to 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.' *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)). The complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555).

## ANALYSIS

### *Jacqueline Kennedy*

Plaintiff brings two claims against Jacqueline Kennedy. Count III alleges that Jacqueline Kennedy and Defendant Officers engaged in a conspiracy to falsely arrest Plaintiff in violation of 42 U.S.C. § 1983 and the Fourth Amendment. However, § 1983 claims require: (1) that the defendants were acting under the color of state law and (2) that their conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981) (overruled on other grounds). "State action is an essential jurisdictional predicate under § 1983, and lack thereof warrants dismissal of the claim." *Letisha A. by Murphy v. Morgan*, 855 F. Supp. 943, 947 (N.D. Ill. 1994). A private individual may be deemed a state actor: (1) if there is a sufficiently close nexus between the state and the challenged action that the action of the private individual may be considered as that of the state;

3

(2) if the state has exercised coercive power or provided encouragement such that the acts of a private individual is state action; and (3) if the private individual willfully participates in a conspiracy with the state or a state actor. *See Id.* at 948. Plaintiff has pled no facts to show that Jacqueline Kennedy was a state actor. Nor has he pled any facts showing that any of the exceptions exist.

Further, Plaintiff has not pled any facts to establish that a conspiracy existed between Jacqueline Kennedy and the officers. To establish a conspiracy, "a plaintiff must show (1) an express or implied agreement among defendants to deprive plaintiff of his or her constitutional rights and (2) actual deprivations of those rights in the form of overt acts in furtherance of the agreement." *Scherer v. Balkema*, 840 F.2d 437, 442 (7th Cir. 1988). Plaintiff has failed to plead facts showing any express or implied agreement between Jacqueline Kennedy and any of the other Defendants to deny him of his constitutional rights. The most that Plaintiff alleges Jacqueline Kennedy did is hand the officers a gun and tell the officers that her daughter found the weapon. (TAC ¶ 11.) Plaintiff alleges that Jacqueline Kennedy agreed to detain Plaintiff without reasonable suspicion, to arrest Plaintiff without probable cause, to falsely file criminal charges, and to institute criminal proceedings. (*Id.* ¶ 35.) However, these are threadbare recitals of the elements supported by conclusory statements and are not presumed to be true. *See Alam*, 709 F.3d at 666.

Plaintiff also cannot show that there was a false arrest. Jacqueline Kennedy argues that the existence of probable cause was litigated in state court and that collateral estoppel applies. Plaintiff does not deny that this issue was argued in state court and merely argues that, since Kennedy lied, no probable cause existed. Plaintiff alleges that he was found not guilty on

4

August 29, 2013, after a bench trial. (TAC ¶ 16.) This means that the charges were not dismissed for lack of probable cause. *See People v. Sterling*, 828 N.E.2d 1264, 1276 (Ill. App. Ct. 2005) ("After a warrantless arrest, the State must provide defendant with a prompt determination of probable cause by a neutral, detached magistrate.").

"Collateral estoppel may preclude a litigant from bringing a section 1983 claim, based on an alleged Fourth Amendment violation in federal court, when that litigant lost on the same issues in state court." *Toro v. Gainer*, 370 F. Supp. 2d 736, 739 (N.D. Ill. 2005) (citing *Allen v. McCurry*, 449 U.S. 90, 104-05 (1980)). State collateral estoppel law applies when determining "whether the collateral estoppel effect of a state court decision bars a section 1983 claim." *Id.* (citing *Schertz v. Waupaca Co.*, 875 F.2d 578, 581 (7th Cir. 1989)). Under Illinois law, collateral estoppel applies when "a decision on the issue must have been necessary for the judgment in the first litigation, and the person to be bound must have actually litigated the issue in the first suit." *Talarico v. Dunlap*, 685 N.E.2d 325, 328 (Ill. 1997). As discussed above, a determination of probable cause is a necessary determination before proceeding to trial. Further, it is not disputed that Plaintiff actually litigated the issue in the criminal proceeding. However, "collateral estoppel must not be applied to preclude parties from presenting their claims or defenses unless it is clear that no unfairness results to the party being estopped." *Id.* There is no unfairness present in barring Plaintiff from bringing claims based on a lack of probable cause. Therefore, collateral estoppel precludes Plaintiff from arguing a lack of probable cause for his arrest. Because Plaintiff cannot show that his arrest lacked probable cause, Defendant Jacqueline Kennedy's Motion to Dismiss Count III is granted with prejudice.

Count XI alleges an Illinois claim of intentional infliction of emotional distress. To state a cause of action for intentional infliction of emotional distress, "(1) the conduct involved must be extreme and outrageous; (2) the actor must either intend that his conduct inflict severe emotional distress or know that there is at least a high probability that his conduct will cause severe emotional distress; and (3) the conduct must in fact cause severe emotional distress." *Hegy v. Cmty. Counseling Ctr. of Fox Valley*, 158 F. Supp. 2d 892, 897 (N.D. Ill. 2001) (citing *Honaker v. Smith*, 256 F.3d 477, 490 (7th Cir. 2001)). Jacqueline Kennedy argues that Plaintiff's claim for intentional infliction of emotional distress is time-barred. "[T]he applicable statute of limitations for intentional infliction of emotional distress is two years, because the tort is a form of personal injury." *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 85 (Ill. 2003) (citing 735 Ill. Comp. Stat. 5/13-202). The conduct that Plaintiff alleges was an intentional infliction of emotional distress took place on November 22, 2010. Plaintiff did not raise this claim until filing the present complaint on May 5, 2015. Plaintiff's claim for intentional infliction of emotional distress is time-barred. Therefore, Defendant Jacqueline Kennedy's Motion to Dismiss Count XI is granted with prejudice.

Defendant Jacqueline Kennedy's Motion to Dismiss [91] is granted with prejudice.

*Defendants Assistant State's Attorney Zak and Cook County*

Plaintiff brings five claims against Defendant Jane Zak and a claim of indemnity against Cook County.

Count VI is a claim for malicious prosecution against Zak. To state a cause of action for malicious prosecution, the plaintiff must allege facts showing: "(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the

6

termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff." *Meerbrey v. Marshall Field & Co.*, 564 N.E.2d 1222, 1231 (Ill. 1990). Plaintiff has failed to plead facts supporting an absence of probable cause or the presence of malice. As discussed above, Plaintiff cannot argue a lack of probable cause due to collateral estoppel. Defendant Zak and Cook County's Motion to Dismiss Count VI is granted with prejudice.

Count VIII asserts a 42 U.S.C. § 1983 claim against Zak, alleging that Plaintiff was discriminated against in his prosecution due to his race. Count IX asserts a § 1983 claim, alleging that Zak violated Plaintiff's due process rights by, *inter alia*, altering, manipulating, and fabricating evidence. Count X asserts a 42 U.S.C. §1983 claim, alleging that Zak engaged in a conspiracy to deprive Plaintiff of his constitutional rights to due process and to a fair trial. These claims are barred by the absolute immunity provided to all prosecutorial actions that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). This immunity is not just a defense to liability but immunity from suit. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Further, this immunity extends to Plaintiff's conspiracy allegations because they are related to activities intimately associated with the judicial phase of the criminal process. *Imbler*, 424 U.S. at 431. Defendant Zak and Cook County's Motion to Dismiss Counts VIII, IX, and X is granted with prejudice.

Count XI alleges an Illinois claim of intentional infliction of emotional distress against Zak. Under the Illinois Local Governmental and Governmental Employees Tort Immunity Act, any action for personal injury must be brought against a governmental entity or any of its employees "within one year from the date that the injury was received or the cause of action

7

accrued." 745 Ill. Comp. Stat. 10/8–101(a). Even assuming that the injury accrued when Plaintiff was acquitted of the underlying crime, on August 29, 2013, Plaintiff's claim is time-barred. Defendant Zak and Cook County's Motion to Dismiss Count XI is granted with prejudice.

Count XIII is an indemnity claim against Cook County for the acts of Zak. "A county is liable for depriving an individual's constitutional rights only if the deprivation was the result of the county's official policy, custom, or practice." *Wilson v. Giesen*, 956 F.2d 738, 744 (7th Cir. 1992) (citing *Monell v. Department of Social Services*, 436 U.S. 658 (1978)). In Illinois, State's Attorneys and Assistant State's Attorneys are State employees, not County employees. *See McGrath v. Gillis*, 44 F.3d 567, 571 (7th Cir. 1995). As such, the County has no prosecutorial policy and cannot have caused any of Plaintiff's alleged injuries. *See Jones v. City of Chicago*, 639 F. Supp. 146, 154 (N.D. Ill. 1986). Nor may the County be vicariously liable based on the conduct of the State's Attorney's Office under Illinois law. *See Biggerstaff v. Moran*, 671 N.E.2d 781, 784 (Ill. App. Ct. 1996).

Defendant Zak and Cook County's Motion to Dismiss [90] is granted with prejudice.

*Defendants City of Chicago and Officers Torres and Leonard*

Plaintiff brings six claims against Defendants Torres and Leonard and a claim for indemnity against the City. Count I is a false arrest claim pursuant to § 1983 against Defendant Torres. Count II is a false arrest claim pursuant to § 1983 against Defendant Leonard. Plaintiff argues that Defendants Torres and Leonard did not have probable cause to arrest him. As discussed above, collateral estoppel precludes Plaintiff from arguing a lack of probable cause

for his arrest. The City Defendants' Motion to Dismiss Counts I and II is granted with prejudice.

Count III is a 42 U.S.C. § 1983 claim, alleging a conspiracy to falsely arrest and imprison Plaintiff in violation of the Fourth Amendment. A bare allegation of a conspiracy does not survive a motion to dismiss. *See Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009). To establish a conspiracy, "a plaintiff must show (1) an express or implied agreement among defendants to deprive plaintiff of his or her constitutional rights and (2) actual deprivations of those rights in the form of overt acts in furtherance of the agreement." *Scherer*, 840 F.2d at 442. Plaintiff has failed to plead facts showing any express or implied agreement between any of the Defendants. Further, to the extent that the alleged conspiracy is based on arresting Plaintiff without probable cause, Plaintiff cannot argue a lack of probable cause due to collateral estoppel. The City Defendants' Motion to Dismiss Count III is granted with prejudice.

Count IV alleges an Illinois claim of malicious prosecution against Torres. Count V alleges an Illinois claim of malicious prosecution against Leonard. To state a cause of action for malicious prosecution, Plaintiff must allege facts showing: "(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff." *Meerbrey*, 564 N.E.2d at 1231. As discussed above, collateral estoppel precludes Plaintiff from arguing a lack of probable cause for his arrest. The City Defendants' Motion to Dismiss Counts IV and V is granted with prejudice.

Count VII asserts a § 1983 claim, alleging that Plaintiff was discriminated against due to his race. Specifically, Plaintiff alleges that Torres and Leonard failed to properly investigate the owner and/or possessor of the firearm. To state a claim for equal protection based on race, Plaintiff must allege that "he is a member of a protected class, that he is otherwise similarly situated to members of the unprotected class, and that he was treated differently from members of the unprotected class." *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005) (quotation omitted). There is no factual support for this allegation except for threadbare recitals of the cause of action supported by conclusory statements. *Alam*, 709 F.3d at 666. Defendants argue that inadequate, or negligent, investigation is not actionable. Inadequate investigation based on negligence cannot form the basis of a § 1983 violation. *Dixie v. Seay*, No. 1:12-CV-278-JD-RBC, 2013 WL 2145597, at *3 (N.D. Ind. May 15, 2013). However, Plaintiff alleges that the investigation was willfully or recklessly inadequate. The City Defendants' Motion to Dismiss Count VII is granted without prejudice.

Count IX asserts a § 1983 claim, alleging that Torres and Leonard violated Plaintiff's due process rights by, *inter alia*, altering, manipulating, and fabricating evidence. Count X asserts a 42 U.S.C. §1983 claim, alleging that Torres and Leonard engaged in a conspiracy to deprive Plaintiff of his constitutional rights to due process and to a fair trial. These counts assert a *Brady* claim. To assert a *Brady* claim, Plaintiff must allege that: "(1) the prosecution suppressed evidence; (2) the evidence was favorable to the accused; and (3) the evidence was material, that is, there was a reasonable probability that prejudice ensued." *Alexander v. McKinney*, 692 F.3d 553, 556 (7th Cir. 2012). However, one criminal charge against Plaintiff was dismissed, and Plaintiff was found not guilty of the other. The Seventh Circuit has questioned whether an

10

acquitted defendant can show prejudice to support a *Brady* violation. *See Id.* Even so, Plaintiff has not alleged that he was prejudiced by Defendants. Further, Plaintiff specifically mentioned the supposedly concealed evidence during his pre-trial motion to suppress. Moreover, "conspiracy is not an independent basis of liability in § 1983 actions." *Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008). As Plaintiff has not shown an underlying *Brady* violation, his § 1983 conspiracy claim based on *Brady* must fail as well. The City Defendants' Motion to Dismiss Counts IX and X is granted with prejudice.

Count XI alleges an Illinois claim of intentional infliction of emotional distress. As discussed above, any action for personal injury must be brought against a governmental entity or any of its employees "within one year from the date that the injury was received or the cause of action accrued." 745 Ill. Comp. Stat. 10/8–101(a). As discussed above, Plaintiff's claim is time-barred. The City Defendant's Motion to Dismiss Count XI is granted with prejudice.

Count XII is an indemnity claim against the City for the acts of the Defendants Leonard and Torres. As Plaintiff has not successfully pled any claims against Leonard and Torres, the indemnity claim against the City must fail as well. The City Defendants' Motion to Dismiss Count XII is granted without prejudice.

## CONCLUSION

Defendants' Motions to Dismiss are granted. Defendant Jacqueline Kennedy's Motion to Dismiss [91] all counts against her is granted with prejudice. Defendants Cook County and Assistant State's Attorney Zak's Motion to Dismiss [90] all counts against them is granted with prejudice. City Defendant's Motion to Dismiss [92] Counts VII and XII is granted without prejudice, and their Motion to Dismiss Counts I-V and IX-XI is granted with prejudice. Plaintiff

may file an amended complaint against the City Defendants as to Counts VII and XII, and those counts alone, in strict compliance with Rule 11 of the Federal Rules of Civil Procedure, within thirty days of the entry of this order.

Date:     October 28, 2015                                JOHN W. DARRAH
                                                                                       United States District Court Judge