UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NOBLE RICHARD MARTIN, | ) |
| | ) |
| Plaintiff, | ) Case No. 12-cv-9207 |
| v. | ) |
| | ) Judge John W. Darrah |
| CITY OF CHICAGO, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Noble Richard Martin brought suit, *pro se*, in this court against several individuals, alleging various claims stemming from his arrest and subsequent trial. Defendants filed Motions to Dismiss, Plaintiff filed no responses, and the Motions to Dismiss were granted on September 30, 2014. Subsequently Plaintiff filed an Application to Proceed *In Forma Pauperis* and a Motion for Appointment of Counsel, which were granted on December 2, 2014. Plaintiff, through counsel, filed a Second Amended Complaint on May 5, 2015, and a Third Amended Complaint on May 6, 2015. Plaintiff's Third Amended Complaint ("TAC") was dismissed on October 28, 2015. Plaintiff has now filed a Motion for Rehearing [104], a Motion for Reconsideration of Memorandum Opinion and Order as to the Legal Standard [107] and a Motion in Support of Motion for a Rehearing [113]. For the reasons discussed below, Plaintiff's Motions [104, 107, 113] are denied.

## BACKGROUND

Martin is a resident of Illinois. (TAC ¶ 2.) Defendants Officer Jason Torres and Officer Megan Leonard were police officers with the City of Chicago Police Department. (*Id.* ¶ 3.) Defendant City of Chicago is a municipal corporation and the employer and principal of Defendants Torres and Leonard. (*Id.* ¶ 4.) Defendant Assistant State's Attorney Jane Zak was

an Assistant State's Attorney for the County of Cook. (*Id.* ¶ 5.) Defendant County of Cook is alleged to be the employer and principal of Defendant Zak. (*Id.* ¶ 6.) Defendant Jacqueline Kennedy is Plaintiff's ex-wife and was residing with Plaintiff at the time of the incident. (*Id.* ¶ 7.)

On November 22, 2010, Defendants Torres and Leonard arrived at 8100 S. Hermitage, Chicago, Illinois, to respond to an alleged domestic battery. (*Id.* ¶ 8.) Plaintiff and Jacqueline Kennedy were present when the officers arrived. (*Id.* ¶ 9.) She handed a gun to the officers and told them that her daughter found the weapon in a dresser drawer. (*Id.* ¶ 11.) Plaintiff did not own or possess the gun that was given to the officers. (*Id.* ¶ 12.) Defendant Officers arrested Plaintiff. (*Id.* ¶ 13.) Plaintiff alleges that the officers did not have probable cause to believe that any criminal activity had taken place and asserts that he had not broken any laws. (*Id.* ¶¶ 13, 14.)

Plaintiff was charged with domestic battery, felony possession of a weapon, and being an armed habitual criminal. (*Id.* ¶ 15.) The domestic battery charge was dismissed, and Plaintiff was found not guilty of felony possession of a weapon. (*Id.* ¶ 16.)

## LEGAL STANDARD

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). A manifest error "is not demonstrated by the disappointment of the losing party"; it is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation marks omitted).

## ANALYSIS

Plaintiff appears to raise three main arguments in his various motions.

Plaintiff first argues that he should have been allowed to conduct discovery and that the Court should have applied Federal Rule of Civil Procedure 12(d) to consider matters outside the pleadings. However, under Rule 12(d), "[i]f a moving party relies on additional materials, the motion must be converted to one for summary judgment under Rule 56." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 (7th Cir. 2012) (citing Fed. R. Civ. P. 12(d)).

Plaintiff also claims that the Court failed to apply the liberal standard given to *pro se* pleadings. "A document filed *pro se* is to be liberally construed, . . . , and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotations omitted). Plaintiff proceeded *pro se* on his Complaint and First Amended Complaint, which were expressly considered under this liberal standard and dismissed. Plaintiff's Third Amended Complaint was filed with the assistance of counsel and was therefore not liberally construed.

Plaintiff also appears to argue that he was improperly denied assistance of counsel. Plaintiff's initial motion for appointment of counsel was denied because the case does not involve complex discovery or complex issues, because Plaintiff's pleadings indicated his ability to adequately argue his claims at that stage of the proceedings, and in consideration of the potential merit of the claims as set forth in the pleadings. *See Pruitt v. Mote*, 503 F.3d 647, 654-56 (7th Cir. 2007). Furthermore, Plaintiff was appointed counsel, who filed the Third Amended Complaint.

Plaintiff's motions repeat his previous arguments and do not point out any newly discovered evidence or any manifest error. A motion to reconsider is not granted where a party "merely took umbrage with the court's ruling and rehashed old arguments." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

## CONCLUSION

Plaintiff's Motion for Rehearing [104], Motion for Reconsideration of Memorandum Opinion and Order as to the Legal Standard [107], and Motion in Support of Motion for a Rehearing [113] are denied.

Date: February 25, 2016

JOHN W. DARRAH
United States District Court Judge