**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NOBLE RICHARD MARTIN | ) | |
| | ) | Case No. 12 CV 9207 |
| Plaintiff, | ) | |
| | ) | Judge John W. Darrah |
| vs. | ) | |
| | ) | **Jury Demand** |
| | ) | |
| THE CITY OF CHICAGO et al. | ) | |
| | ) | |
| Defendants. | ) | |

### CITY DEFENDANTS' JOINT RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT

Defendants City of Chicago ("the City"), by and through its attorney, Stephen R. Patton, Corporation Counsel for the City of Chicago, and Officers Jason Torres and Megan Leonard, (collectively, "City Defendants") by one of their attorneys, Mark D. Winistorfer, Assistant Corporation Counsel, hereby move this Court to dismiss Plaintiff's Fourth Amended Complaint against them pursuant Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. In support of this motion, City Defendants state as follows:

### INTRODUCTION

Plaintiff sought a million dollars in his Third Amended Complaint ("TAC"). Plaintiff alleged, among other things, that the City Defendants should be liable for false arrest, an equal protection violation, due process violations, and conspiracy claims. On October 25, 2015, the Court granted the City Defendants' motion to dismiss (as well as motions to dismiss brought by the City Defendants' co-defendants). ECF Dkt. 99. In the Order, the Court dismissed Plaintiff's False Arrest (counts I and II), conspiracy (Count III), malicious prosecution claims (counts IV,

1

V, and VI), the *Brady* claim (Count IX), the conspiracy claim related to the *Brady* claim (count X), and the intentional infliction of emotional distress claim (count XI) against the City Defendants with prejudice.   ECF Dkt. 99 and 100.

The Court dismissed counts VII (Equal Protection) and XII (Indemnification) without prejudice and granted Plaintiff leave to re-plead against the City Defendants.  Plaintiff filed a Fourth Amended Complaint ("FAC") on March 28, 2016.  ECF Dkt. #125 and attached hereto as Exhibit A.  The FAC alleges the following counts against the City Defendants: Equal Protection claims against both defendant officers (Count I), and an indemnification claim against the City of Chicago (Count III).  *See* Exhibit A.

However, the FAC failed to correct any of the deficiencies the Court noted in the TAC when it dismissed those counts without prejudice.  Specifically, Plaintiff has again offered no factual support for this allegation except for threadbare recitals of the cause of action supported by conclusory allegations.   Because of the deficiencies in the FAC, the City Defendants respectfully request this Honorable Court to dismiss it as to them with prejudice.

## STANDARD OF REVIEW

When considering motions brought pursuant to Rule 12(b)(6), all well-pleaded allegations within the complaint are read in the light most favorable to the plaintiff and presumed true.  *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013).  This presumption is not extended to "legal conclusions, or threadbare recitals of a cause of actions, supported by mere conclusory statements." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013).  A proper claim requires only short and plain statements of jurisdiction and entitlement to relief, as well as a demand for the relief sought.  *Fed.R.Civ.P. 8(a).*  A defendant may move to dismiss if the plaintiff has failed to state a claim upon which relief has been granted.  To survive a Rule

12(b)(6) motion to dismiss, a complaint must contain sufficient facts, accepted as true, "to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id*. "Nor does a complaint suffice if it tenders 'naked assertion[s] devoid of further factual enhancement." *Id*. *Iqbal* goes on to state that legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to the presumption of truth. *Id*. at 678-79.

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for  a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*. (internal citations omitted)

The pleading standard articulated in *Twombly*, applies to claims of discrimination. *Rodriguez* v. *Cook Cty. Sheriff's Office*, 2009 WL 4673803, at *3 (N.D. Ill. Dec. 3, 2009). The plaintiff must give enough details about the subject-matter of the case to present a story that holds together *McCauley* v. *City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

## ARGUMENT

The City Defendants herein incorporates all facts, citations to the law and arguments made in its previous motion to dismiss (Dkt. 92) and its reply in support of that motion (Dkt. 97).

**I. Plaintiff's equal protection claim fails again because it was insufficiently pled, again.**

Plaintiff appears to assert both an equal protection claim and an equal protection "class of one" claim against the Defendant Officers. Plaintiff's claim is based, in part, on the officer's

alleged failure to investigate Jacqueline Kennedy's production of the handgun Plaintiff was arrested for, and is also a recitation of Plaintiff's previous allegations under *Brady*, which was dismissed with prejudice in Count IX of the TAC. *See* ECF Dkt. 100. Whether Plaintiff's claim is based on racial discrimination or "class of one" discrimination, it fails because it is inadequately plead.

### A. Plaintiff's racial discrimination equal protection claim is insufficiently plead

To show a violation of the Equal Protection Clause, plaintiffs must prove that the defendants' actions had a discriminatory effect and were motivated by a discriminatory purpose. *Chavez* v. *Illinois State Police*, 251 F.3d 612, 635–36 (7th Cir. 2001). To prove discriminatory effect, the plaintiff is required to show (1) that he is a member of a protected class, (2) that he is otherwise similarly situated to members of the unprotected class, and (3) that plaintiff was treated differently from members of the unprotected class. *Id* at 636. Plaintiffs must also show that the "decision makers in [their] case acted with discriminatory purpose." *Id* at 645. Discriminatory purpose' ... implies more than ... intent as awareness of consequences[;] it implies that the decision maker ... selected or reaffirmed a particular course of action at least in part 'because of' ... its adverse effects upon an identifiable group. *Id* at 645. Plaintiff must demonstrate intentional or purposeful discrimination by state authorities to favor one class over another. *Bloomenthal* v. *Lavelle*, 614 F.2d 1139, 1141 (7th Cir., 1980).

In Count I, Plaintiff appears to allege that he was discriminated against because he is African American. *See* Exhibit A, ¶ 32. However, there appears to be no factual support for this claim in the body of the complaint in terms of well-pled facts. In this case, Plaintiff utterly fails to properly plead three elements of the equal protection claim. He fails to allege well-pled facts to support the notion that (a) he is otherwise similarly situated to members of the unprotected

class, (b) that he was treated differently from members of the unprotected class, and (c) the Defendant Officers acted with discriminatory purpose when they arrested him. Plaintiff has provided the City Defendants with no information relating to others similarly situated, their treatment by the City Defendants, and what the discriminatory purpose Plaintiff was arrested for. Moreover, in the next paragraph, Plaintiff alleges he was discriminated against for "unknown reasons." Exhibit A, ¶33. His claim of discrimination for "unknown reasons" undercuts Plaintiff's claim that he was discriminated against because he is African American. Plaintiff has utterly failed to sufficiently plead this count in terms of potential discrimination because of his race.

**B. Plaintiff's equal protection "class of one" claim is also insufficiently plead**

An equal protection claim based on a "class of one" theory is one in which "the plaintiff does not claim to be a member of a class that the defendant discriminates against, but argues only that he is being treated arbitrarily worse than someone or ones identically situated to him." *Rodriguez* v. *Cook Cty. Sheriff's Office*, 2009 WL 4673803, at *2 (N.D. Ill., 2009). A class of one equal protection claim may be brought where (1) the plaintiff alleges that he has been intentionally treated differently from others similarly situated and (2) that there is no rational basis for the difference in treatment or the cause of the differential treatment is a "totally illegitimate animus" toward the plaintiff by the defendant. *McDonald* v. *Vill. of Winnetka*, 371 F.3d 992, 1001 (7th Cir. 2004). "To make out a *prima facie* case, the plaintiff must present evidence that the defendant deliberately sought to deprive him of the equal protection of the laws for reasons of a personal nature unrelated to the duties of the defendant's position." *Rodriguez*, 2009 WL 4673803 at *3. Without such a requirement, a plaintiff would need not present any basis whatsoever for the alleged disparate treatment. *Id* at *3. Animus comes into play only

when no rational reason or motive being imaginable for the injurious action taken by the defendant against the plaintiff, the action would be inexplicable unless animus had motivated it. *Lauth v. McCollum*, 424 F.3d 631, 634 (7th Cir. 2005)

There is no precise formula to determine whether an individual is similarly situated to comparators. *McDonald*, 371 F.3d at 1002. Plaintiff must allege that he and his comparators are *prima facie* identical in all relevant respects or directly comparable in all material respects. *Muczynski* v. *Lieblick*, 769 F.Supp.2d 1129, 1134 (N.D. Ill. 2011)(Defendant inadequately plead class of one discrimination when he alleged similarly situated persons were not arrested by Defendants on the basis of falsified information). Similarly situated individuals must be very similar indeed. *Id.* at 1134.

Just as the Plaintiff in *Muczynski*, Plaintiff fails again to adequately state a claim of "class of one" discrimination. Plaintiff failed to allege (1) that he was intentionally treated differently from others similarly situated and (2) that there is no rational basis or that the basis for his treatment was illegitimate animus. Plaintiff has provided no facts in his complaint relating in any way to an equal protection claim, mostly because he fails to provide any factual allegations surrounding other people and their treatment by the Defendant officers. Further, Plaintiff fails to allege that anyone else was treated more favorably than he was in this situation.

Plaintiff has also failed to allege animus on the part of the City Defendants and, in fact, plead a rational reason for why he was arrested and charged. Plaintiff alleges that Ms. Kennedy "handed a gun to the Defendant Officers Torres and Leonard, and told the officers that "my daughter found this gun in a dresser drawer." Exhibit A, ¶ 11. It was perfectly reasonable for the Defendant Officers to charge Plaintiff with UUW under the circumstances presented to them at that time. Plaintiff's own pleading has undercut his "class of one" claim and provided a

rational reason for Plaintiff to be arrested in this case by the officers. For these reasons, and for the reasons stated in Defendants' prior motion to dismiss, this Court should dismiss Plaintiff's complaint.

## II. Plaintiff's Indemnification Claim Should Be Dismissed

Plaintiff's failure to successfully plead any claims against Defendants Torres and Leonard means that Plaintiff's indemnification claim likewise fails. The City Defendants ask the Court to dismiss Count III.

## III. Plaintiff's claims should be dismissed with prejudice.

This is now the fourth time Plaintiff has attempted to state a claim against the City Defendants, and the fourth time he has failed to do so. This case was filed in 2012 and the Plaintiff has yet to put forth a cognizable claim against the City Defendants. The City Defendants ask the Court to dismiss Count I and Count III with prejudice.

**WHEREFORE,** the City asks this Honorable Court to dismiss Plaintiff's Fourth Amended Complaint, to grant leave to answer at a later juncture any aspects of Plaintiffs' claim that is not disposed of by any motions to dismiss in this case, and for any other such relief as is deemed appropriate.

Respectfully submitted,

/s/Mark D. Winistorfer
Mark D. Winistorfer
Assistant Corporation Counsel
30 N. LaSalle, Suite 900
Chicago, Illinois 60602
(312) 744-3283
Attorney No. 6310510
mark.winistorfer2@cityofchicago.org

## <u>CERTIFICATE OF SERVICE</u>

      I, Mark D. Winistorfer, an attorney, hereby certify that I have served the attached document by causing it to be delivered by electronic means via the CM/ECF System to all counsel of record this 19th day of October, 2016.

/s/Mark D. Winistorfer
Mark D. Winistorfer
Assistant Corporation Counsel
