UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NOBLE RICHARD MARTIN, | ) |
| Plaintiff, | ) Case No. 12-cv-9207 |
| v. | ) |
| | ) Judge John W. Darrah |
| CITY OF CHICAGO *et al.*, | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff, Noble Richard Martin, brought suit, *pro se*, in this court against several individuals, alleging various claims stemming from his arrest and subsequent trial. Defendants filed Motions to Dismiss, and Plaintiff filed no responses. Plaintiff's First Amended Complaint was dismissed on September 30, 2014. Plaintiff then filed an Application to Proceed *In Forma Pauperis* and a Motion for Appointment of Counsel, which were granted on December 2, 2014. Plaintiff, through his attorney, filed a Third Amended Complaint. Defendants' Motions to Dismiss the Third Amended Complaint were granted with prejudice, except as to two counts which were dismissed without prejudice. After that ruling, Plaintiff's appointed attorney moved to withdraw, which was granted. Plaintiff filed a Motion for Reconsideration of the dismissal of his Third Amended Complaint. Plaintiff's Motion for Reconsideration was denied. Plaintiff then filed a Fourth Amended Complaint *pro se*. Another attorney was appointed but did not file an amended complaint. Defendants filed the present Motions to Dismiss [130, 139]. After the present motions were filed, Plaintiff's appointed attorney moved to withdraw and requested that all pending motions be stayed or continued. The motion to withdraw was granted, but the request to stay the Motions to Dismiss was denied. For the reasons discussed below, Defendants' Motions to Dismiss [130, 139] are granted.

**BACKGROUND**

Martin is a resident of Illinois. (FAC ¶ 2.) Defendants Officer Jason Torres and Officer Megan Leonard were police officers with the City of Chicago Police Department. (*Id.* ¶ 3.) Defendant City of Chicago is a municipal corporation and the employer and principal of Defendants Torres and Leonard. (*Id.* ¶ 4.)[1] Defendant Assistant State's Attorney Jane Zak was an Assistant State's Attorney for the County of Cook. (*Id.* ¶ 5.) Defendant County of Cook is alleged to be the employer and principal of Defendant Zak. (*Id.* ¶ 6.)[2]

On November 22, 2010, Defendants Torres and Leonard ("Defendant Officers") arrived at 8100 S. Hermitage, Chicago, Illinois, to respond to an alleged domestic battery. (*Id.* ¶ 7.) Plaintiff and his ex-wife, Jacqueline Kennedy, were outside the residence when the officers arrived. (*Id.* ¶ 8.) Torres and Leonard immediately handcuffed the Plaintiff and put him in the back of their car. (*Id.* ¶ 9.) She handed a gun to the officers and told them that her daughter found the weapon in a dresser drawer. (*Id.* ¶ 11.) Plaintiff did not own or possess the gun that was given to the officers. (*Id.* ¶ 12.) Plaintiff told the officers that the gun was not his. (*Id.* ¶ 13.)

The officers transported Plaintiff to the police station and charged him with failure to possess a Fire Owner's Identification card. (*Id.* ¶ 14.) While Plaintiff was at the police station, Leonard left the station to get Jacqueline Kennedy to sign a complaint for domestic battery. (*Id.* ¶ 15.) Leonard returned with a signed complaint approximately an hour later. (*Id.* ¶ 16.) The

---

[1] Defendants Torres, Leonard, and City of Chicago will be collectively referred to as the "City Defendants."

[2] Defendants Zak and Cook County will be collectively referred to as the "County Defendants."

Defendant Officers did not see Plaintiff with a gun or see Plaintiff striking Kennedy. (*Id.* ¶ 17.)

Plaintiff alleges that the officers did not have probable cause to believe that any criminal activity had taken place and asserts that he had not broken any laws. (*Id.* ¶¶ 18-19.) Plaintiff further alleges that Torres and Leonard wrote false police reports and falsely testified. (*Id.* ¶¶ 20, 22-24.) Plaintiff alleges that Zak put white out through lines of important transcripts before giving them to him. (*Id.* ¶ 28.) Plaintiff also states that the judge in his criminal trial told Zak to redact discovery before giving it to him. (*Id.* ¶ 27.)

On November 29, 2010, the domestic-battery charge was dismissed without a preliminary hearing because Kennedy did not come to court. (*Id.* ¶ 29.) After a bench trial on August 29, 2013, Plaintiff was found not guilty of Felony Possession of a Weapon and Armed Habitual Criminal. (*Id.* ¶ 30.)

## LEGAL STANDARD

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). All well-pleaded allegations are presumed to be true, and all inferences are read in the light most favorable to the plaintiff. *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). However, plaintiffs are not required to "plead the elements of a cause of action along with facts supporting each element." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786

F.3d 510, 517 (7th Cir. 2015). Rather, the complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555).

## ANALYSIS

### *County Defendants*

Plaintiff brings one claim for violations of his Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 against Defendant Jane Zak, Count I, and a claim of indemnity against Cook County, Count IV.

In Count II, Plaintiff alleges that Zak tampered with transcripts. This claim is barred by the absolute immunity provided to all prosecutorial actions that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). This immunity is not just a defense to liability but immunity from suit. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). This Court previous held that Plaintiff's claim that Zak tampered with a transcript, brought under 42 U.S.C. § 1983, was barred by prosecutorial immunity.

Even if Plaintiff's claim against Zak were not barred by prosecutorial immunity, Plaintiff has not sufficiently pled a claim under the Fourteenth Amendment. Plaintiff brings a class-of-one claim and also alleges that he was unlawfully discriminated against due to his race. Class-of-one claims are usually brought when a plaintiff "did not allege membership in a class or group." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). To state a class-of-one equal-protection claim, Plaintiff must allege that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Swanson v. City of Chetek*, 719 F.3d 780, 783-84 (7th Cir. 2013) (citing *Olech*, 528 U.S. at 564). "The

4

classic class-of-one claim is illustrated when a public official, 'with no conceivable basis for his action other than spite or some other improper motive . . . comes down hard on a hapless private citizen.'" *Id.* at 784 (quoting *Lauth v. McCollum*, 424 F.3d 631, 633 (7th Cir. 2005)). Plaintiff has not sufficiently alleged that he was intentionally treated differently from others similarly situated by Zak or that there was no rational basis for Zak's actions. In fact, Plaintiff alleges that the judge in his criminal trial told Zak to redact discovery before giving it to him. (FAC ¶ 27.)

To state a claim for equal protection based on race, Plaintiff must allege that "he is a member of a protected class, that he is otherwise similarly situated to members of the unprotected class, and that he was treated differently from members of the unprotected class." *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005) (quotation omitted). Plaintiff has not alleged that he is otherwise similarly situated to members of an unprotected class or that he was intentionally treated differently from members of an unprotected class. Plaintiff only alleges that he was discriminated against on the basis of race, but conclusory statements alone are not enough to survive a motion to dismiss under 12(b)(6). *Ashcroft*, 556 U.S. at 678.

Count IV is an indemnity claim against Cook County for the acts of Zak. "A county is liable for depriving an individual's constitutional rights only if the deprivation was the result of the county's official policy, custom, or practice." *Wilson v. Giesen*, 956 F.2d 738, 744 (7th Cir. 1992) (citing *Monell v. Department of Social Services*, 436 U.S. 658 (1978)). In Illinois, State's Attorneys and Assistant State's Attorneys are State employees, not county employees. *See McGrath v. Gillis*, 44 F.3d 567, 571 (7th Cir. 1995). As such, the County has no prosecutorial policy and cannot have caused any of Plaintiff's alleged injuries. *See Jones v. City of Chicago*, 639 F. Supp. 146, 154 (N.D. Ill. 1986). Nor may the County be vicariously liable based on the

conduct of the State's Attorney's Office under Illinois law.  *See Biggerstaff v. Moran*, 671 N.E.2d 781, 784 (Ill. App. Ct. 1996).

Defendant Zak and Cook County's Motion to Dismiss [130] is granted with prejudice.

*City Defendants*

Plaintiff brings one claim for violations of his Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 against Defendants Torres and Leonard, Count I, and a claim for indemnity against the City of Chicago, Count III.   Plaintiff brings a class-of-one claim and also alleges that he was unlawfully discriminated against due to his race.

In Count I, Plaintiff alleges that Leonard and Torres failed to investigate the firearm, wrote false reports, illegally charged Plaintiff without a basis, and coerced Kennedy into signing a domestic battery report.  (FAC ¶¶ 34-38.)  As stated above, to state a claim for equal protection based on race, Plaintiff must allege that "he is a member of a protected class, that he is otherwise similarly situated to members of the unprotected class, and that he was treated differently from members of the unprotected class." *Brown*, 398 F.3d at 916.   Plaintiff has not alleged that he is otherwise similarly situated to members of an unprotected class or that he was treated differently from members of an unprotected class.  Plaintiff alleges that he was discriminated against on the basis of race, but mere conclusory statements are not enough to survive a motion under 12(b)(6). *Ashcroft*, 556 U.S. at 678.

To state a class-of-one equal-protection claim, Plaintiff must allege that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  *Swanson*, 719 F.3d at 783-84 (citing *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).  "The classic class-of-one claim is illustrated when a public

official, 'with no conceivable basis for his action other than spite or some other improper motive . . . comes down hard on a hapless private citizen.'" *Id.* at 784 (quoting *Lauth*, 424 F.3d at 633).

In his FAC, Plaintiff did not identify a similarly situated individual. However, in his response, Plaintiff alleges that, while sitting in the police station, he "struck up a conversation with a guy who was sitting in the next seat." (Dkt. 149, p. 3.) Plaintiff states that this individual told him: "he had gotten into an argument with his girlfriend also and that the police were called and when they got there a gun was discovered. He informed the police that it was not his gun and they did not charge him with the gun. They did not write up false reports." (*Id.*) "Plaintiff believes that discovery of the arrests for the night he was arrested in a 2[-]hour window will reveal who that man was and give a comparison for the treatment and support my discrimination." (*Id.*) Facts alleged by a plaintiff in a response brief to a motion to dismiss "may be considered when evaluating the sufficiency of a complaint so long as they are consistent [with] the allegations in the complaint." *Smith v. Dart*, 803 F.3d 304, 311 (7th Cir. 2015) (citing *Gutierrez v. Peters*, 111 F.3d 1364, 1367 n. 2 (7th Cir. 1997); *Albiero v. City of Kankakee*, 122 F.3d 417, 419 (7th Cir. 1997)). Plaintiff's claim is consistent with the class-of-one allegations in his FAC.

The City Defendants argue that Plaintiff has not sufficiently alleged that he and the man who did not receive a weapons charge are similarly situated. There is no clear test for determining if two individuals are similarly situated, but "similarly situated individuals must be very similar indeed." *McDonald v. Vill. of Winnetka*, 371 F.3d 992, 1002 (7th Cir. 2004). In this case, Plaintiff alleges that he and the man were both arrested for altercations with their girlfriends, the police found a weapon in both cases, and both told police that the weapon was

7

not theirs.  Plaintiff states that the man was not charged with a weapons crime.  Defendants argue that the man was not charged with battery; but Plaintiff must be "directly comparable . . . in all material respects," not exactly identical in all aspects.  *United States v. Moore*, 543 F.3d 891, 896 (7th Cir. 2008).

As Plaintiff is proceeding *pro se*, his pleadings are liberally construed.  *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807 (7th Cir. 2017).  Plaintiff has sufficiently stated a class-of-one claim as to his weapons charge against the City Defendants.  The City Defendants' Motion to Dismiss [139] is denied.

## CONCLUSION

The County Defendants' Motion to Dismiss [130] is granted with prejudice.  The City Defendants' Motion to Dismiss [139] is denied.

Date:  February 28, 2017                    /s/ _____
                                            JOHN W. DARRAH
                                            United States District Court Judge